FILED

MAR - 5 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| JOHN P. JOHNSON,<br>*Plaintiff*<br><br>v.<br><br>JEFFERSON CAPITAL SYSTEMS, LLC,<br>DAVID BURTON, WINNIE KIBE,<br>*Defendants* | **Case No.**<br><br>SA26CA1472 XR<br><br>**Judge**_____<br><br><br>**Trial By Jury Demanded** |

## COMPLAINT FOR VIOLATIONS OF THE FDCPA

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### NATURE OF THE ACTION

1. This is an action for damages brought by an individual Plaintiff for Defendants' violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.* (FDCPA), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2. Plaintiff seeks to recover monetary damages for Defendants violations of the FDCPA, and to have an order or injunction issued by this Court preventing Defendants from continuing their violative behaviors.

3. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. § 1132(e)(2).

1

## JURISDICTION AND VENUE

4. This court has jurisdiction under 15 U.S.C. § 1692, et seq., and 28 U.S.C. § 1331.

5. The occurrences which give rise to this action occurred in Bandera County, Texas and Plaintiff resides in Bandera County, Texas. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), Plaintiff resides in Bandera County, Texas. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants transact business in this district.

6. All conditions precedent to the bringing of this action have been performed.

## PARTIES

7. The Plaintiff in this lawsuit is John P. Johnson ("Johnson"), a natural person, who resides in Bandera County, Texas.

8. The Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3).

9. Defendant, Jefferson Capital Systems, LLC ("JCAP") located at 600 South Highway 169, Suite 1575, Minneapolis, MN 55426 is a debt collector as defined by 15 U.S.C. § 1692(6) who at all relevant times was engaged, by the use of the mail in the business of attempting to collect a debt from the Plaintiff.

10. Defendant, David Burton ("Burton") located at 600 South Highway 169, Suite 1575, Minneapolis, MN 55426 is a debt collector as defined by 15 U.S.C. § 1692(6) who at all relevant times was engaged, by the use of the mail in the business of attempting to collect a debt from the

2

Plaintiff. Burton is a Director at JCAP and directs collection efforts at JCAP and is accountable for the unlawful collection efforts of JCAP.

11. Defendant, Winnie Kibe ("Kibe") located at 1717 Main Street, Suite #3200, Dallas, TX 75201 was an attorney retained by JCAP that engaged in unlawful debt collection activity.

12. The Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

13. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than the Defendants.

14. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than the Defendants.

15. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another or in the case with JCAP their primary business is as a debt collector.

16. In a letter dated 3/6/2025, Defendant JCAP, contacted Johnson via US mail to demand payment for money allegedly owed to JCAP. The amount demanded was $1,575.03. Johnson

3

denies owing any money to any Defendant or having any contractual obligation whatsoever to any Defendant named in this suit.

17.    On May 9, 2025, I received an email from Kibe. Ms. Kibe communicated a threat on behalf of her client JCAP to proceed with collection efforts through the courts. I had previously demanded validation via USPS CRR #7020 1290 0001 1580 4655. The USPS confirmed that my demand for validation was signed by JCAP on April 1, 2025. As of the filing of this suit, I am not in receipt of any of the evidence I demanded. While acting on behalf of JCAP, Kibe threatened to take an action that could not legally be taken.

18.    I sent notice of intent to litigate the claim to the Defendants via USPS. We were unable to resolve the matter outside of the Courts.

19.    I am not in receipt of any document which verifies that I have a contract with any of the Defendants.

20.    I am not in receipt of any document which verifies that I owe money to any of the Defendants.

21.    I am not in receipt of any document which verifies that any of the Defendants are authorized to collect money on behalf of any other entity.

22.    All violations alleged herein are within the statute of limitations of the applicable statutes.

23.    Plaintiff denies having an account with or owing any money to any of the Defendants.

4

## COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) 15 U.S.C. § 1692 e(2) AND § 1692f BY DEFENDANTS JEFFERSON CAPITAL SYSTEMS, LLC AND DAVID BURTON

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. Plaintiff is a consumer within the meaning of the FDCPA, U.S.C. § 1692a(3).

26. JCAP is a debt collector within the meaning of the FDCPA 15 U.S.C. § 1692a(6).

27. Burton is a debt collector within the meaning of the FDCPA 15 U.S.C. § 1692a(6).

28. In a letter dated March 6, 2025, Defendants, JCAP and Burton, acting as debt collectors violated 15 U.S.C. § 1692e(2) by falsely representing that Plaintiff owes $1,575.03 to the Defendants. Defendants have presented no evidence to verify that the amount of $1,575.03 alleged to be owed was true and correct. Plaintiff denies that he owes money to any of the Defendants.

WHEREFORE, Plaintiff demands judgement for damages, as follows:

a) Adjudging that Defendants violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1000.00 per Defendant;

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

d) Awarding Plaintiff any post-judgement interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just and proper

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) 15 U.S.C. § 1692e(10) AND § 1692f  DEFENDANTS JEFFERSON SYSTEMS CAPITAL, LLC AND DAVID BURTON

29.   The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30.   Plaintiff is a consumer within the meaning of the FDCPA 15 U.S.C. § 1692a(3).

31.   JCAP is a debt collector within the meaning of the FDCPA 15 U.S.C. § 1692a(6).

32.   Burton is a debt collector within the meaning of the FDCPA 15 U.S.C. § 1692a(6).

33.   Defendants, acting as debt collectors, violated 15 U.S.C. § 1692e(10) and 1692f by falsely representing that Plaintiff owes $1,575.03 to anyone. Defendants have not provided any evidence whatsoever that Plaintiff owes money to any of the Defendants. Plaintiff denies that he has  a financial or contractual obligation to any of the Defendants.

WHEREFORE, Plaintiff demands judgement for damages, as follows:

a) Adjudging that Defendants violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1000.00 per Defendant;

c) Awarding Plaintiff reasonable attorney's fees and costs incurred in this action;

d)Awarding Plaintiff any post-judgement interest as may be applicable under the law;

e) Awarding such other and further relief as the Court may deem just and proper

## COUNT III

## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) 15 U.S.C. § 1692e(5)  DEFENDANTS JEFFERSON SYSTEMS CAPITAL, LLC, DAVID BURTON AND WINNIE KIBE

34. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Plaintiff is a consumer within the meaning of the FDCPA 15 U.S.C. § 1692a(3).

36. JCAP is a debt collector within the meaning of the FDCPA 15 U.S.C. § 1692a(6).

37. Burton is a debt collector within the meaning of the FDCPA 15 U.S.C. § 1692a(6).

38. Kibe is a debt collector within the meaning of the FDCPA 15 U.S.C. § 1692a(6).

39. Defendants, acting as debt collectors, violated 15 U.S.C. § 1692e(5).

40. On May 9, 2025, I received an email from Kibe. Ms. Kibe communicated a threat via email on behalf of her client JCAP to proceed with collection efforts through the courts. While acting on behalf of JCAP, Kibe threatened to take an action that could not legally be taken. Plaintiff denies that he has a financial or contractual obligation to any of the Defendants.

WHEREFORE, Plaintiff demands judgement for damages, as follows:

a) Adjudging that Defendants violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1000.00 per Defendant;

c) Awarding Plaintiff reasonable attorney's fees and costs incurred in this action;

d) Awarding Plaintiff any post-judgement interest as may be applicable under the law;

e) Awarding such other and further relief as the Court may deem just and proper

7

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: March 5, 2026

Respectfully Submitted,

John P. Johnson
Plaintiff Pro Se
Residence: 861 28th St. W.
Lakehills, Texas 78063
210-842-7851
jjohnsonrents@yahoo.com