IN IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN P. JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 5:26-CV-01472-XR |
| | § | |
| JEFFERSON CAPITAL SYSTEMS | § | |
| LLC, DAVID BURTON, WINNIE | § | |
| KIBE, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND
INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

Defendants Jefferson Capital Systems, LLC (JCAP), David Burton (Burton), and

Winnie Kibe (Kibe), through counsel and under Federal Rules of Civil Procedure 12(b),

move to dismiss the Complaint filed by plaintiff, John P. Johnson (plaintiff), and state. In

support of the Motion, Defendants respectfully show the Court as follows:

## I.    INTRODUCTION

Plaintiff's claims are based upon a single letter he claims he received from JCAP

and a single email he claims he received from Kibe – an email Kibe sent in response to

plaintiff's threat to sue JCAP, not sent in an attempt to collect a debt from him. Based

solely upon these two events, plaintiff attempts to allege claims against all three defendants

under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*. Plaintiff,

however, fails, and the Court should dismiss plaintiff's Complaint with prejudice.

1

***First***, plaintiff fails to allege facts to show this Court has personal jurisdiction over Burton, a Minnesota resident with no connection to Texas.

***Second***, plaintiff fails to allege the defendants are debt collectors or attempted to collect a debt from him subject to the FDCPA.

***Third*,** plaintiff fails to plausibly allege JCAP or Burton attempted to collect a debt from him he does not owe.

***Fourth*,** plaintiff fails to allege any collection activity by any defendant after he requested validation.

## II.    BACKGROUND

On March 5, 2026, plaintiff filed this action against JCAP (who plaintiff alleges attempted to collect a debt from him), Burton (an alleged "Director" of JCAP), and Kibe (JCAP's outside defense counsel). (Doc. 1) Plaintiff claims the defendants violated the FDCPA in connection with attempts to collect a debt from him. *Id.*

Specifically, plaintiff alleges on March 6, 2025, JCAP sent him a letter demanding money, but he denies owing money to JCAP or "having any contractual obligation whatsoever" to JCAP. *Id.* at ¶ 16. Then, on May 9, 2025, plaintiff alleges he received an email from Kibe wherein she "communicated a threat on behalf of her client JCAP to proceed with collection efforts through the courts." *Id.* ¶ 17. The email (attached hereto as **Exhibit 1**), however, makes clear plaintiff was the one threatening suit. Kibe was retained as outside counsel to respond to and defend plaintiff's threat to file suit, not the

other way around. *See* Ex. 1.[1] Plaintiff makes zero allegations whatsoever as to Burton

other than alleging he is a "Director" of JCAP and is located in Minnesota.

### III.   ARGUMENT AND AUTHORITIES

### A.   This Court Lacks Personal Jurisdiction Over Burton.

A federal court may only exercise personal jurisdiction over a nonresident defendant

if: (1) the defendant committed an act conferring jurisdiction under the Texas long-arm

statute; and (2) the exercise of jurisdiction does not deprive the defendant of the due process

of law guaranteed by the Fourteenth Amendment of the United States Constitution. *See*

*Alpine View Co. Ltd v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). Due process

permits jurisdiction over a nonresident defendant only when (1) the defendant

"purposefully availed himself of the benefits and protections of the forum state by

establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction

over that defendant does not offend 'traditional notions of fair play and substantial

justice.'" *Id*.

"A defendant establishes minimum contacts with a state if 'the defendant's conduct

and connection with the forum state are such that [he] should reasonably anticipate being

[hailed] into court there.'" *Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374, 379

(5th Cir. 2002) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

---

[1] On a motion to dismiss under Fed. R. Civ. P. 12, "[t]he Court can go outside the four corners of the Complaint to consider the email exchange because it is 'referred to in the plaintiff's complaint and [is] central to [its] claim[s].'" *JSW Steel (USA) Inc. v. Nucor Corp.*, 586 F. Supp. 3d 585, 598 (S.D. Tex. 2022) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quotation omitted)).

Minimum contacts are established by either "contacts sufficient to assert specific jurisdiction, or contacts sufficient to assert general jurisdiction." *Alpine View Co. Ltd*, 205 F.3d 208 at 215.

"General jurisdiction . . . will attach where the nonresident defendant's contacts with the forum state, although not related to the plaintiff's cause of action, are 'continuous and systematic.'" *Id*. (quoting *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984)). To establish specific jurisdiction, the plaintiff must show the "litigation results from injuries that 'arise out of or relate to'" the defendant's contacts with the forum state. *See Burger King Corp.*, 471 U.S. 462, 472 at n.15, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) (quoting *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. 408, 414, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)).

On a motion to dismiss for lack of personal jurisdiction, the plaintiff "bears the burden of establishing the district court's jurisdiction over the defendant." *Mink v. AAAA Dev. Corp.*, 190 F.3d 333, 335 (5th Cir. 1999). While the Court must accept as true the well-pleaded allegations in the complaint, the Court is not required to credit conclusory allegations, regardless of whether such allegations are disputed. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001). If a plaintiff fails to plead facts bringing a defendant within reach of the Texas long-arm statute, the defendant need only show he does not live in Texas to negate jurisdiction. *Harries v. Stark*, No. 3:14-CV-2684-L, 2015 U.S. Dist. LEXIS 98044, at *17-18 (N.D. Tex. July 28, 2015). As plaintiff alleges, Burton is located in Minnesota. Dk. 1 at ¶ 10. Again, plaintiff alleges zero facts to support general jurisdiction.

1.    **The Court Cannot Exercise General Jurisdiction Over Non-Resident Burton.**

General jurisdiction over an individual defendant exists where the defendant is at home, ordinarily his domicile, or otherwise has continuous and systematic contact. *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014). General jurisdiction may extend beyond a defendant's domicile only in truly exceptional circumstances. *Reich v. Lopez*, 38 F. Supp. 3d 436, 455 (S.D.N.Y. 2014).

Here, as plaintiff alleges, Burton resides in Minnesota. Plaintiff fails to allege any contact whatsoever Burton has with Texas, *e.g.* plaintiff fails to allege Burton conducts business in Texas in his individual capacity, owns property in Texas, pays taxes in Texas, or maintains any address or telephone listing in Texas. No exceptional circumstances exist here, and plaintiff has failed to plead any. The simple fact Burton works for a company, even if a "Director" of the company, who mailed a letter to plaintiff in Texas is insufficient to allow this Court to exercise general personal jurisdiction.

2.    **This Court Lacks Specific Jurisdiction Because Burton Did Not Purposefully Direct Any Suit-Related Conduct at Texas.**

Specific jurisdiction exists only when plaintiff's cause of action arises from or directly relates to the defendant's contacts with the forum state. *ITL Int'l v. Constenla, S.A.*, 669 F.3d 493, 500 (5th Cir. 2012). The defendant's suit-related conduct must create a substantial connection with the forum state. *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014). The minimum contacts analysis focuses on what the defendant did, not where the plaintiff lives. *Id.*

5

Plaintiff alleges no suit-related conduct by Burton, and certainly none creating a substantial connection to Texas. A defendant is not subject to jurisdiction in Texas simply because the plaintiff alleges injury to a Texas resident. *See Panda Brandywine Corp.*, 253 F.3d at 870.

To be sure, hauling Burton into this Court would offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Wash.* 326 U.S. 310, 316 (1945). To do so would place significant burdens on Burton while Texas has little interest in this case and plaintiff is not without a forum where he can sue. *Nutrition Physiology Corp. v. Enviros Ltd.*, 87 F. Supp. 2d 648, 651 (N.D. Tex. 2000).

**B.**     **Plaintiff Fails to Plead Facts to Support a Cause of Action Under the FDCPA Against Any Defendant.**

"The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

Moreover, a complaint offering only naked assertions devoid of sufficient fact pleadings fails to state a claim. *Id.* at 678 (internal citations and quotations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

6

as true, to 'state a claim to relief that is plausible on its face.'" *Id*. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Where a complaint pleads facts are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id*. (internal citations and quotations omitted).

### 1.     Plaintiff Fails to Plausibly Allege Defendants are Debt Collectors.

To state a claim under the FDCPA, a plaintiff must plead: (1) he was the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined by the Act; and (3) the defendant engaged in an act or omission the FDCPA prohibits. *See Polk v. MVConnect, LLC*, No. 3:21-cv-00075, 2022 WL 1747000, at *2 (S.D. Tex. May 31, 2022) (citing *Douglas v. Select Portfolio Servicing, Inc.*, No. 4:14-1329, 2015 WL 1064623, at *4 (S.D. Tex. Mar. 11, 2015)).

The FDCPA defines "debt collector" as any person in any business whose principal purpose is the collection of debts, or who regularly collects debts owed or due to another. 15 U.S.C. § 1692a(6). A person is not transformed into a debt collector under the FDCPA simply by attempting to collect a debt or by identifying themselves as a debt collector in correspondence. *Hill v. U.S. Bank Tr. Nat'l Ass'n*, No. 4:25-CV-495-P, 2025 WL 4475733, at *3 (N.D. Tex. Nov. 20, 2025) (citing *Fouche' v. Shapiro & Massey L.L.P.*, 575 F. Supp. 2d 776, 787 n.6 (S.D. Miss. 2008)); *see also Wesner as Tr. of Charles Wesner, Jr. Living Tr. v. Southall*, No. 3:22-CV-0927-B, 2023 WL 3000623, (N.D. Tex. Apr. 18, 2023) (dismissing FDCPA claims for failure to allege facts showing defendants regularly engaged in debt collection or that defendants' principal purpose was debt collection). A plaintiff's

bare, conclusory allegation a defendant "is a debt collector as defined by" the FDCPA, without factual support does not survive dismissal. *Garcia v. Jenkins/Babb LLP*, No. 3:11-CV-3171-N-BH, 2012 WL 3847362, at *7 (N.D. Tex. July 31, 2012); *Chimney v. Deutsch Bank Nat'l Tr.*, No. 6:25-CV-00288-JDL, 2025 LX 429491, at *7 (E.D. Tex. Aug. 5, 2025).

Here, plaintiff does nothing more than recite the statutory language of the FDCPA. Plaintiff, however, fails to plausibly allege JCAP was attempting to collect a debt owed to another. Instead, plaintiff alleges JCAP was attempting to collect a debt owed to JCAP. Compl. at ¶ 16.

With respect to Burton and Kibe, plaintiff fails to allege any facts whatsoever to suggest they themselves are debt collectors. *See Garcia v. Jenkins/Babb LLP*, No. 3:11-CV-3171-N-BH, 2013 U.S. Dist. LEXIS 101951, at *17–18 (N.D. Tex. June 13, 2013) (granting motion to dismiss where plaintiffs failed "to raise a reasonable inference that [Babb] was a debt collector under the FDCPA"); *Janjua-Vessel v. Bray*, Civil Action No. 4:23-cv-766-ALM-KPJ, 2024 U.S. Dist. LEXIS 172394, at *23 (E.D. Tex. Aug. 25, 2024) (citing *Griffin v. O'Brien, Wexler, & Assocs., LLC*, 680 F. Supp. 3d 772, 783 (E.D. Tex. 2023)) ("Assuming, without deciding, that a corporate officer can be held liable as a debt collector without piercing the corporate veil, Plaintiffs have alleged no facts indicating that Bray or Marshall 'regularly collect[ed] or attempt[ed] to collect, directly or indirectly' debts allegedly owed by Plaintiffs."); *Wesner v. Southall*, No. 3:22-CV-0927-B, 2023 U.S. Dist. LEXIS 67392, at *15–16 (N.D. Tex. Apr. 18, 2023) (quoting *Verizon Emp. Benefits Comm. v. Boyer*, 2007 U.S. Dist. LEXIS 53414, 2007 WL 2258685, at *2 (N.D. Tex. July 23, 2007) (Boyle, J.)) ("Without more, Wesner's conclusory allegation that the Whitten

Defendants are debt collectors, *see* Doc. 38, Am. Compl., ¶ 4.02.3, does not state a claim. The 'conclusory allegation that [a defendant] is a 'debt collector' is insufficient to withstand . . . [a] motion to dismiss [for failure to state a claim].'"); *accord Williams v. Santander Consumer USA Holding, Inc.*, 2022 U.S. Dist. LEXIS 32317, 2022 WL 562896, at \*5 (N.D. Tex. Feb. 24, 2022) (Fitzwater, S.J.).

Merely alleging Burton is a director of JCAP is insufficient to plausibly allege Burton himself is a debt collector. And plaintiff's allegations make clear Kibe is ***not*** a debt collector. Instead, Kibe was outside counsel for JCAP *defending* plaintiff's threat to sue JCAP – not the other way around. *See* Ex. 1. For the same reason, Kibe's email cannot support a claim against any of the defendants for threatening legal action (Count III). Kibe was merely defending plaintiff's threat to sue; Kibe never threatened to sue plaintiff.

### 2. Plaintiff Fails to allege JCAP or Burton Attempted to Collect a Debt not Owed or Falsely Characterized the Debt.

Under Section 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e. Section 1692e lists examples of prohibited conduct, including the false representation of the character, amount, or legal status of any debt and the use of any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(2), (10). Section 1692f separately prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f. Plaintiff cites both provisions but pleads no facts to support a claim under either.

9

Plaintiff's false representation theory rests entirely on his claim he does not owe money to any defendant and has no contractual obligation to any defendant. Dkt 1 at ¶¶ 16, 19-23. Denying he owes a debt directly to JCAP, however, falls short and is different from alleging the underlying debt does not exist or that its character, amount, or legal status was misrepresented. Plaintiff's allegations suggest he concedes he owes a debt; he just does not recognize JCAP as his creditor. Dkt. 1 at ¶¶ 13-14. Plaintiff does not allege JCAP misrepresented the amount of the debt, the name of the original creditor, or the legal status. Plaintiff may dispute JCAP's legal status, but he has not plausibly alleged the debt is not owed.

In *Mills*, the Western District of Louisiana held general allegations a defendant made false representations, without more, lacks plausibility on their face and cannot survive a motion to dismiss. *Mills v. Rocket Mortg. LLC*, No. 25-cv-239, 2025 LX 568356, at \*28 (W.D. La. Nov. 6, 2025). Rather, a plaintiff must plead the contents of the alleged false representation with sufficient specificity to support a plausible inference of a violation. *Id*.

### 3.    <u>Plaintiff fails to Allege any Collection after he Requested Validation.</u>

Under Section 1692g(b), a debt collector who receives a timely written dispute must cease collection of the debt until it provides the consumer with the information required under the statute. *See* 15 U.S.C. § 1692g(b); *Thompson v. Hughes, Watters & Askanase, LLP*, No. 3:13-CV-429-G-BH, 2013 U.S. Dist. LEXIS 118597, at \*\*23-24 (N.D. Tex. July 25, 2013). The FDCPA does not require a debt collector to respond to a validation request. *Davis v. Tulsa Adjustment Bureau & MSCB Inc.*, Civil Action No. 4:16-cv-00494-

10

O, 2017 LX 38392, at \*7 (N.D. Tex. Jan. 27, 2017) (citing *Bashore v. Resurgent Capital Servs., L.P.*, 452 F. App'x 522, 524 (5th Cir. 2011)). The debt collector has a choice: (1) cease collection, or (2) provide verification and resume collection. **_Whether_** a debt collector provided verification is irrelevant unless the plaintiff first alleges the debt collector continued to engage in collection activity after receiving the dispute. *Davis*, 2017 LX 38392, at \*7.

Plaintiff alleges he sent a validation request via certified mail and JCAP received it on April 1, 2025. Dkt 1 at ¶ 17. The only post-validation allegation in the Complaint is Kibe's May 9, 2025 email, which again was merely Kibe's response to his threat to sue JCAP before plaintiff filed this action – not an attempt to collect from plaintiff. Dkt 1. at ¶¶ 17-18. To be sure, Kibe's email does not constitute collection activity under the FDCPA. Setting it aside, the Complaint is devoid of any allegation any defendant demanded payment, sent a collection communication, or took any action to collect the debt after April 1, 2025. *Davis* is directly on point. *Davis*, 2017 LX 38392, at \*7. The *Thompson* court reached the same conclusion dismissing a § 1692g claim because the plaintiff failed to allege the defendant engaged in collection activity after she sent her validation request even though she alleged the defendant never responded to it. *Thompson*, 2013 U.S. Dist. LEXIS 118597, at \*25-26. Plaintiff's claims fail as a matter of law.

## IV.    CONCLUSION

WHEREFORE, Defendants Jefferson Capital Systems, LLC, David Burton, and Winnie Kibe respectfully request the Court grant their Motion to Dismiss and dismiss all

11

claims against Defendants with prejudice, and for such other relief as the Court deems proper.

Dated: April 30, 2026

Respectfully Submitted,

*/s/ Dayle M. Van Hoose*
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, ISRAEL & SHARTLE, LLC
3350 Buschwood Park Drive, Suite 130
Tampa, Florida 33618
Telephone: (813) 890-2463
Facsimile: (877) 334-0661
dvanhoose@sessions.legal
*Counsel for Defendants,*
*Jefferson Capital Systems, LLC, David Burton*
*and Winnie Kibe*

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2026, a copy of the foregoing was electronically filed with the Clerk of the Court, United States District Court for the Western District of Texas, and served via CM/ECF, Email and U.S. Mail upon the following:

John P. Johnson
861 28th St. W.
Lakehills, TX 78063
jjohnsonrents@yahoo.com
*Plaintiff, pro se*

*/s/ Dayle M. Van Hoose*
Dayle M. Van Hoose, Esq.

12