**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

FILED

MAY 12 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| JOHN P. JOHNSON,<br>*Plaintiff* | ) |
| | ) |
| V. | ) |
| | ) |
| JEFFERSON CAPITAL SYSTEMS, LLC, | ) |
| DAVID BURTON, WINNIE KIBE,<br>*Defendants* | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ))) |

Case No. 5:26-CV-01472-XR

**PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW the Plaintiff, John P. Johnson, who hereby submits his

Response and Opposition to Defendants' Motion to Dismiss and states as follows:

## I. STATEMENT OF FACTS

1. In early March 2025 the Plaintiff received a letter from Jefferson Capital via the

US Postal Service demanding payment in the amount of $1575.03.

## II. STATEMENT OF REVIEW

2. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain

statement statement of the claim showing that the pleader is entitled to relief," in

1

order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41,47 (1957). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Id*. At 555. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. At 570.

3. The complaint must only include "sufficient factual allegations to provide the grounds on which the claim rests". Friends of Lake View School District v. Beebe, 578 F.3d 753, 762 (8th Cir. 2009). While "mere labels and conclusions" will not satisfy a plaintiff's burden, there is no need for detailed factual allegation or specific facts that describe the evidence to be presented. *Id*. A plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct". *Ashcroft v. Iqbql*, 129 W.Ct. 1937, 1950 (2009).

4. Well-pleaded allegations of fact and every inference fairly deducible therefrom are accepted as true for purposes of a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

## III. ARGUMENTS AND AUTHORITIES

5. "When considering Defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to the plaintiff." *In re Stac Elecs. Sec.* Litig., 89 F.3d 1399, 1403 (9th Sir. 1996): Jones v. General Elec. Co., 87 F.3d 209, 211 (7th Cir. 1996). "Only if no possible construction of the alleged facts will entitle plaintiff to relief should the court grant defendant's motion." *Hishon v. King & Spaulding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). If the factual allegations in plaintiff's complaint support any legal theory that entitles plaintiff to some relief, the court should overrule defendant's motion to dismiss.

## A. THE FDCPA IMPOSES A STRICT LIABILITY STANDARD.

6. The FDCPA, 15 U.S.C. § 1692, et seq., is a strict liability statute, *Taylor v. Perrin,* Landry deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997): see also Irwin v. Mascott, 112 F. Supp. 2d 937 (N.D. Cal. 2000): Pittman v. J.J. *Mac Intyre Co. of Nevada, Inc.,* 969 F. Supp. 609 (D. Nev. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30, 33-34 (2nd Cir. 1996).

## B. THE FDCPA MUST BE LIBERALLY CONSTRUED IN FAVOR OF CONSUMER DEBTORS.

7. The FDCPA is a remedial statute. Hamilton v. United Healthcare of Louisiana, Inc.,310 F. 3d 385, 392 (5th Cir. 2002). The remedial nature of the FDCPA requires

that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162, 1176 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C. § 1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107, 1117 (20th Cir. 2002).

## C. THE FDCPA BROADLY PROHIBITS UNFAIR OR UNCONSCIONABLE COLLECTION METHODS, CONDUCT WHICH HARASSES, OPPRESSES OR ABUSES ANY DEBTOR, AND ANY FALSE, DECEPTIVE OR MISLEADING STATEMENTS, IN CONNECTION WITH THE COLLECTION OF A DEBT.

8. The Fair Debt Collection Practices Act. ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debt by third parties. See 15 U.S.C. § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provided for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, both generally and in a specific list of disapproved practices, and prohibit harassing and abusive tactics both generally and in a specific list of disapproved practices.

9. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection

4

practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b). It is the express purpose of the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

10. Accordingly, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Simply it was designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, the FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses

any debtor, and any false deceptive or misleading statements, in connection with the collection of a debt. *Baker v. G.C. Services Corp.*, 677 F.2d 775 (9th Cir. 1982); Heintz v. Jenkins, 514 U.S. 291 (1995); McCartney v. First City Bank, 970 F.2d 45 (5th Cir. 1992).

11. Validation requires presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account. See *Pacific Concrete F.C.U. v. Kauanoe*, 62 Haw. 334, 614 P. 936 (1980), *GE Capital Hawaii, Inc. v. Yonenaka* 25 P. 3d 807, 96, Hawaii 32, (Hawaii App 2001), *Fooks v. Norwich Housing Authority* 28 Conn. L. Rptr. 371, (Conn. Super. 2000), *Town of Brookfield v. Candlewood Shores Estates, Inc.* 513 A. 2d 1218, 201 Conn. I (1986), and *Solon V. Godbole*, 163 III. App. 3d 845, 114 Ill. Dec. 890, 516 N.E. 2d 1045 (3Dist. 1987). The Defendants never complied with Plaintiff's demands for validation of the alleged debt they were attempting to collect yet continued their collection activities. **A debt** collector verifies a debt by providing information that is responsive to the **consumer's request**. *See* H.R. Rep. No 31, 95th Cong., 1st Sess. 5 1977. At NO time did JEFFERSON CAPITAL SYSTEMS, LLC begin to attempt to properly validate the alleged debt as demanded by Plaintiff.

12. As previously mentioned, the FDCPA is a strict liability statute and "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages". The argument of no duty to send a verification letter fails in light of the fact that JEFFERSON CAPITAL SYSTEMS,

6

LLC did NOT provide validation of the alleged debt nor did the Defendants up until the time this action was filed.

13. The arguments made that Plaintiff has not provided all evidence material to the allegations made in the complaint is ridiculous. Such evidence is to be presented at trial and is not required to be annexed to the Original Complaint. Plaintiff **again states** "Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," [emphasis added] in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." [emphasis added] *Id*. At 555. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." [emphasis added] *Id*. At 570.

14. Defendants' argument that they did not violate 15 U.S.C. § 1692e(2)(5) or § 1692f is erroneous and without merit. The Defendants threatened to filed suit against the Plaintiff without providing validation after a demand was made by the Plaintiff.

15. The Defense has argued that I failed to allege that the Court has jurisdiction over Burton. According to public records Mr. Burton is the Director of Jefferson Capital Systems, LLC. The Board of Directors and Senior Management are

7

ultimately responsible for compliance with all appropriate laws and regulations. Mr. Burton and the company he directs are engaged in an interstate debt collection scheme while utilizing the US Postal Service. This Court has jurisdiction over Mr. Burton.

16. The Defense has argued that I failed to allege that the Defendants are debt collectors or that they attempted to collect a debt from me subject to the FDCPA. I identified Defendants Burton and Jefferson as debt collectors as that term is defined in the FDCPA no less than three times in my original complaint under Count I, II and III. Defendant Kibe was identified as a debt collector in Count III of my original complaint. I further specified the violations committed by the Defendants under the FACTUAL ALLEGATIONS and separate Count I, II and III portions of my original complaint. See attached Plaintiff's EXHIBIT #1, Page #1, and Page #2. This was a demand sent by Jefferson and directed by Burton demanding payment.

17. The Defense has argued that I failed to "plausibly allege Jefferson or Burton attempted to collect a debt from him that he does not owe". I have directly alleged that Jefferson and Burton absolutely attempted to collect a debt, and have provided proof of those allegations which are now in the Court records, Exhibits provided by both the Plaintiff and the Defense.

18. The Defense has argued that " Plaintiff fails to allege any collection activity by any defendant after he requested validation". I argued the continued collection

8

activity by the Defendants under the FACTUAL ALLEGATIONS and Count III portion of my original complaint. When a debt collector and their attorney are threatening to "file suit" that is a clear example of an attempt to "collect" a debt. See Defendants' Exhibit #1, Page #1.

19.    The Defense has argued  "Plaintiff Fails to allege Jefferson or Burton Attempted to Collect  a Debt not Owed or Falsely Characterized the Debt". The fact that I owe no debt, nor have I ever owed a debt to any of the Defendants, nor have I ever had any contractual obligations to any of the Defendants is evidenced by the fact, that aside from the allegations made by the Defendants there is not a single shred of verified, notarized or certified evidence in support of their claims.

## IV. CONCLUSION

Plaintiff has pleaded facts sufficient to allow a court, drawing on "judicial experience and common sense", to infer "more than the mere possibility of misconduct", which easily satisfies his burden of pleading under the FDCPA at this stage. See Ashcroft v. Iqbal, 129 S.Ct. at 1950. Plaintiff's claims should therefore survive dismissal.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order denying Defendants' Motion to Dismiss. In the alternative, if the Court determines Plaintiff has failed to state a claim, Plaintiff asks the Court to grant leave to amend his Complaint.

Dated: May 12, 2026

Respectfully Submitted,

John P. Johnson
Plaintiff, pro se
Residence: 861 28th St. W.
Lakehills, Texas 78063
210-842-7851
jjohnsonrents@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2026, a copy of the foregoing was filed with the Clerk of the Court, United States District Court for the Western District of Texas, and served via, Email and U.S. Mail upon the following:

Dayle M. Van Hoose
SESSIONS, ISRAEL & SHARTLE, LLC
3350 Buschwood Park Drive, Suite 130
Tampa, Fl 33618
dvanhoose@sessions.legal

John P. Johnson, Plaintiff

10

rrent Creditor: JEFFERSON CAPITAL SYSTEMS LLC
bt Description: CONNS
S Reference #: 4006676041
ccount #: 593648470
mount of the Debt: $1,575.03



March 6, 2025

# Payment Offers Available

Dear John Johnson:

Paying your outstanding balance can seem stressful. We have payment offers available to help you.

You can decide which plan works for you right now.

**Offer #1 - Single payment and the largest savings**
Resolve your account with a lump sum payment of $1,102.52 which represents an approximate 30% savings.

**Offer #2 - Payment plan with savings**
Resolve your account with 12 monthly payments of $98.43 which represents an approximate 25% savings.

**Offer #3 - Pay your account in full with monthly payments**
Resolve your account with 24 monthly payments of $65.62 which represents payment of full balance.

The deadline to accept these offers, expires on April 13, 2025. To accept one of these offers, your payment (or initial payment) must be received in our office by April 13, 2025. We are not obligated to renew these offers, however, if you would like additional time to respond to these options, please contact us.

If none of these options work for you, there is still room to customize as needed. Our staff is trained to assist you with a program that suits your needs.

**Nothing contained within this letter changes, or in any way limits any of your legal rights, including your rights as set forth in our first letter to you about this account.**

**How to contact us:**
o Visit our web site at www.MyJCAP.com
o By Phone: 844-362-7361 (English and Espanol)
o Hours of Operation: Mon-Thurs 8 AM - 6 PM, Fri 8 AM - 4 PM Central Time
o Send correspondence to: 200 14th Avenue E, Sartell, MN 56377
o Mail payments to:     Jefferson Capital Systems, LLC
                        Dept #6419
                        PO Box 11407
                        Birmingham, AL 35246-6419



Visit our web site at:
www.MyJCAP.com

Sincerely,
Jefferson Capital Systems, LLC

## Notice of Additional Information:

**Complaints:** If you have a complaint, please write to us at 200 14th Avenue E Dept. C, Sartell, MN 56377 or call us toll-free at 1-888-718-0048, Monday through Friday.

Exhibit #1    Page #1

Paying your outstanding balance can seem stressful. We have payment offers available to help you. You can decide which plan works for you right now.

### Offer #1 - Single payment and the largest savings
Resolve your account with a lump sum payment of $1,102.52 which represents an approximate 30% savings.

### Offer #2 - Payment plan with savings
Resolve your account with 12 monthly payments of $98.43 which represents an approximate 25% savings.

### Offer #3 - Pay your account in full with monthly payments
Resolve your account with 24 monthly payments of $65.62 which represents payment of full balance.

The deadline to accept these offers, expires on April 13, 2025. To accept one of these offers, your payment (or initial payment) must be received in our office by April 13, 2025. We are not obligated to renew these offers, however, if you would like additional time to respond to these options, please contact us.

If none of these options work for you, there is still room to customize as needed. Our staff is trained to assist you with a program that suits your needs.

**Nothing contained within this letter changes, or in any way limits any of your legal rights, including your rights as set forth in our first letter to you about this account.**

### How to contact us:
○ Visit our web site at www.MyJCAP.com
○ By Phone: 844-362-7361 (English and Espanol)
○ Hours of Operation: Mon-Thurs 8 AM - 6 PM, Fri 8 AM - 4 PM Central Time
○ Send correspondence to: 200 14th Avenue E, Sartell, MN 56377
○ Mail payments to:     Jefferson Capital Systems, LLC
         Dept #6419
         PO Box 11407
         Birmingham, AL 35246-6419

Visit our web site at:
www.MyJCAP.com

Sincerely,
Jefferson Capital Systems, LLC

### Notice of Additional Information:

**Complaints:** If you have a complaint, please write to us at 200 14th Avenue E Dept. C, Sartell, MN 56377 or call us toll-free at 1-888-718-0048, Monday through Friday.

Exhibit #1   Page #2

THIS COMMUNIC___ ___N IS FROM A DEBT COLLECTOR AND IS AN ATTEMP___ ___ COLLECT A DEBT. ANY ___RMATION OBTAINED WIL___ ___ USED FOR THAT PU___ ___.

JCS Letter Code - HLP07   89___      0027816   JeffersonCapital.WFD

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| JOHN P. JOHNSON,<br>    *Plaintiff* | ) |
| | ) |
| v. | ) |
| | ) |
| JEFFERSON CAPITAL SYSTEMS, LLC, | ) |
| DAVID BURTON, WINNIE KIBE,<br>    *Defendants* | ) |
| | )     Case No. 5:26-CV-01472-XR |
| | ) |
| | ) |
| | ))) |

WHEREFORE, having considered Plaintiff's Motion in Opposition to

Defendants'Motion to Dismiss the Court hereby grants Plaintiff's

Motion in all things.


Signed on this _____ day of _____, 2026.



_____
Presiding Judge

1