IN IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JOHN P. JOHNSON,                          §
                                          §
        Plaintiff,                        §
                                          §
v.                                        §     Case No. 5:26-CV-01472-XR
                                          §
JEFFERSON CAPITAL SYSTEMS                 §
LLC, DAVID BURTON, WINNIE                 §
KIBE,                                     §
                                          §
        Defendants.                       §

## DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants, Jefferson Capital Systems, LLC (JCAP), David Burton (Burton) and Winnie Kibe (Kibe) (collectively the "Defendants"), through counsel and under the Federal Rules of Civil Procedure and Local Rule CV-7(e), file this Reply in further support of their Motion to Dismiss the Complaint filed by plaintiff, John P. Johnson (plaintiff), and state:

On May 12, 2026, plaintiff filed his Response and Opposition to Defendants' Motion to Dismiss (the "Response"). *See* Dkt. 12. Plaintiff's Response fails to respond to any of Defendants' arguments and provides bare recitals of the law along with conclusory statements already contained in his deficient Complaint. *See, e.g., id.*

First, plaintiff again claims Defendants never complied with plaintiff's demand for validation. The law is clear, under Section 1692g(b), a debt collector can either (1) cease collection, or (2) provide verification and resume collection. *Davis v. Tulsa Adjustment Bureau & MSCB Inc.*, Civil Action No. 4:16-cv-00494-O, 2017 LX 38392, at *7 (N.D.

1

Tex. Jan. 27, 2017). Plaintiff's claim JCAP did not provide validation only furthers the Defendants' position they complied with the FDCPA because ceasing collection is a lawful option, and Kibe's May 9, 2025 email, which is merely Kibe's response to plaintiff's threat to sue JCAP, is clearly not an attempt to collect a debt from plaintiff. *See* Dkt. 10, Ex. 1. Further, plaintiff's Compliant fails to state a violation of §§ 1692e or f of the FDCPA. Plaintiff's theory under §§1692e and f rests entirely on his claim that he does not owe a debt to any defendant. Plaintiff seems to base that claim on the fact JCAP exercised its statutory right under § 1692g of the FDCPA to not provide verification in response to his dispute and instead cease collection. *See* Dkt. 12 at p. 9. But, plaintiff's Complaint suggests he concedes he owes a debt, he just does not recognize JCAP as his creditor. *See* Dkt. 1 at ¶¶ 13-14. This is far different from and falls short of alleging JCAP misrepresented the amount of the debt, name of the original creditor, or the debt's legal status as required to state a claim.

Second, plaintiff continues to argue that because Mr. Burton is the "director" of JCAP, that this Court has personal jurisdiction over him. Plaintiff "bears the burden of establishing the district court's jurisdiction over the defendant." *Mink v. AAAA Dev. Corp.*, 190 F.3d 333, 335 (5th Cir. 1999). The case law is clear, Mr. Burton's status as an employee of a company ***does not*** establish minimum contacts with the forum state, and is not sufficient to hail Burton into a Texas court. Plaintiff has not, and cannot, allege specific facts to prove this Court has personal jurisdiction over Mr. Burton.

Lastly, plaintiff seems to believe if he conclusory labels the Defendants as "debt collectors", citing counts I, II and III, that somehow makes his statement true. Plaintiff is

2

wrong. A plaintiff's bare, conclusory allegation a defendant "is a debt collector as defined by" the FDCPA, without factual support does not survive dismissal. *See Garcia v. Jenkins/Babb LLP*, No. 3:11-CV-3171-N-BH, 2012 WL 3847362, at \*7 (N.D. Tex. July 31, 2012); *Chimney v. Deutsch Bank Nat'l Tr.*, No. 6:25-CV-00288-JDL, 2025 LX 429491, at \*7 (E.D. Tex. Aug. 5, 2025). Further, merely alleging Burton is a "director" of JCAP is insufficient to plausibly allege Burton himself is a debt collector. And plaintiff's allegations and Exhibit 1 to Defendants' Motion make clear Kibe is ***not*** a debt collector, but was outside counsel for JCAP ***defending*** plaintiff's threat to sue JCAP – not the other way around.

Ultimately, plaintiff's Response fails to respond to any of the Defendants' arguments in their Motion to Dismiss. Plaintiff's regurgitation of the law and his direction to Court to just refer back to his Complaint is insufficient and unpersuasive.

WHEREFORE, Defendants, Jefferson Capital Systems, LLC, David Burton and Winnie Kibe, respectfully request this Court dismiss plaintiff's Complaint with prejudice, and for such other relief as this Court deems proper.

Dated: May 19, 2026

Respectfully Submitted,

*/s/ Dayle M. Van Hoose*
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, ISRAEL & SHARTLE, LLC
3350 Buschwood Park Drive, Suite 130
Tampa, Florida 33618
Telephone: (813) 890-2463
Facsimile: (877) 334-0661
dvanhoose@sessions.legal

3

*Counsel for Defendants,*
*Jefferson Capital Systems, LLC, David Burton*
*and Winnie Kibe*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 19, 2026, a copy of the foregoing was electronically filed with the Clerk of the Court, United States District Court for the Western District of Texas, and served via CM/ECF, Email and U.S. Mail upon the following:

John P. Johnson
861 28th St. W.
Lakehills, TX 78063
jjohnsonrents@yahoo.com
*Plaintiff, pro se*

*/s/ Dayle M. Van Hoose*
Dayle M. Van Hoose, Esq.

4