**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**DIVISION**

| | | |
|---|---|---|
| JOHN P. JOHNSON,<br>*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | Case No. 5:26-cv-01472-XR |
| JEFFERSON CAPITAL SYSTEMS, LLC,<br>DAVID BURTON, WINNIE KIBE,<br>*Defendants* | §<br>§<br>§<br>§ | |

## ORDER ON MOTION TO DISMISS

On this date, the Court considered Defendants' motion to dismiss this case for failure to state a claim (ECF No. 10), Plaintiff's response (ECF No. 12), and Defendants' reply (ECF No. 13). After careful consideration, the Court dismisses Plaintiff's claims for lack of subject matter jurisdiction.

### BACKGROUND

*Pro se* Plaintiff John P. Johnson filed his original complaint on March 5, 2026, alleging claims for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e et seq. ("FDCPA"), against Jefferson Capital Systems, LLC ("JCAP"), its director, David Burton ("Burton"), and one of its attorneys, Winnie Kibe ("Kibe"). ECF No. 1 at 3.

On March 6, 2025, Plaintiff received a letter at his home in Texas from JCAP demanding payment in the amount of $1,575.03 and providing payment options. *Id.* at 3–4. The letter was clearly marked "from a debt collector" and "an attempt to collect a debt." ECF No. 12 at 11. The letter identified JCAP as the "Current Creditor" and was marked "Debt Description: CONNS." *Id.* Plaintiff asserts that the debt arose from a transaction with a third party. ECF No. 1 at 3.

On April 1, 2025, Plaintiff allegedly demanded validation of the debt from JCAP. ECF No. 1 at 4. Plaintiff alleges that, thereafter, Kibe "communicated a threat on behalf of her client JCAP to proceed with collection efforts through the courts." *Id.*

Plaintiff alleges that, in violation of the FDCPA, (1) JCAP and Burton falsely represented that he owed $1,575.03 to *JCAP*, (2) JCAP and Burton falsely represented that Plaintiff owes $1,575.03 to *anyone*, and (3) all three Defendants threatened to take action that could not legally be taken. *See* ECF No. 1 ¶¶ 28, 33, 40 (citing 15 U.S.C. §§ 1692e(2), e(5), e(10), 1692f).

Defendants have moved to dismiss the complaint, asserting that the Court lacks personal jurisdiction over Burton, a Minnesota resident, and that Plaintiff has failed otherwise failed to state a claim against JCAP or Kibe for violation of the FDCPA. *See* ECF No. 10.

In support of dismissal, Defendants have produced three emails demonstrating that they ceased collection efforts after receiving Plaintiff's validation request. In the first, sent on April 22, 2025, Kibe stated that JCAP had reviewed Plaintiff's draft complaint and the account at issue and would like to discuss the matter. *See* ECF No. 10-1 at 5. The second and third emails, sent on May 6 and 9, 2025, disputed the merits of Plaintiff's claims but nonetheless countered his settlement offer, "attempting in good faith to resolve this action prior to suit being filed." *See id.* at 2–3. In his response, Plaintiff characterizes JCAP's offer of settlement as "threatening" to file suit in an "an 'attempt' to collect a debt." *See* ECF No. 12 at 9 (citing ECF No. 10-1 at 2).

## DISCUSSION

Before turning to Defendants' motion to dismiss, the Court must assure itself of subject matter jurisdiction. *See Howery v. Allstate Ins. Co.,* 243 F.3d 912, 919 (5th Cir. 2001) ("[F]ederal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction *sua sponte* if not raised by the parties.").

In considering its subject matter jurisdiction, "there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981). In other words, no

presumptive truthfulness attaches to a plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating the merits of jurisdictional claims for itself. *Id.* at 413. Further, materials such as affidavits and regulations can be considered when relevant to jurisdiction. *Poindexter v. United States*, 777 F.2d 231 (5th Cir. 1985).

Article III, Section 2 of the United States Constitution empowers federal courts to resolve disputes limited to "Cases" and "Controversies" to prevent encroachment into the domains of the other branches. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). A lawsuit is not a "case or controversy" unless the plaintiff establishes that he or she has standing to bring suit.[1] *See Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992).

To have standing to sue, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant[s], and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citations omitted). To satisfy the injury-in-fact requirement, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (quoting *Lujan*, 504 U.S. at 560). As the party invoking federal jurisdiction, the plaintiff bears the burden on each of these elements. *Id.*

The issue here is whether Johnson suffered a concrete injury, due to JCAP's communications, that is sufficient to support his standing to sue. A concrete injury in fact is a "physical, monetary, or cognizable intangible harm traditionally recognized as providing a basis

---

[1] The Court notes that Plaintiff is proceeding *pro se* in this case. While courts "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel, *pro se* parties must still brief the issues and reasonably comply with [federal procedural rules]." *U.S. Bank Nat'l Ass'n v. Johnson*, No. 1:15-CV-788-RP, 2017 WL 598499, at *2 (W.D. Tex. Feb. 14, 2017) (quoting *Grant v. Cuellar*, 59 F.3d 524, 524 (5th Cir. 1995). Moreover, pro se litigants are not excused from the constitutional limits of subject matter jurisdiction.

for a lawsuit in American courts." *TransUnion*, 594 U.S. at 427. It is not enough for Congress to create a statutory prohibition or obligation and cause of action; courts still have a "responsibility to independently decide whether a plaintiff has suffered a concrete harm." *Id.* at 426.

The Fifth Circuit has made clear that an alleged violation of the FDCPA alone is not a concrete injury, and thus, cannot provide subject matter jurisdiction. *See Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 823 (5th Cir. 2022) (citing *Spokeo*, 578 U.S. at 341). A mere "risk of future harm" is similarly insufficient to confer standing in a suit for damages. *Id.* at 824 (citing *TransUnion*, 594 U.S. 413).

Plaintiff has not identified any economic harm beyond the alleged violation of the FDCPA's antifraud provision under 15 U.S.C. § 1692e that could establish standing. *See Carlson v. Medicredit, Inc.*, No. SA-22-CV-00397-XR, 2023 WL 11999174, at *3 (W.D. Tex. Mar. 15, 2023) ("[E]ven presuming that Defendant[s] violated the FDCPA, the statutory violation alone is inadequate to establish constitutional standing."); *see also Perez*, 45 F.4th at 826 (noting that Congress's concern in enacting the antifraud provision wasn't consumer privacy," but "the economic harms that consumers suffered due to aggressive and unfair attempts to collect their debts." (citing 15 U.S.C. § 1692(a) (finding that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, [and] to the loss of jobs")).

To be sure, "Congress also expressed concern about 'invasions of individual privacy.'" *Perez*, 45 F.4th at 826 (quoting 15 U.S.C. § 1692(a)). "But it addressed those problems through a *different* section of the FDCPA: the statute's prohibition on harassment and abuse," enacted under Section 1692d. *Id.* Plaintiff hasn't sued under that provision, "so [he] can't bootstrap the harms it recognizes as actionable to demonstrate standing to sue based on a different provision." *Id.*

In his response to the motion to dismiss, Plaintiff seeks leave to amend his complaint if the Court finds his pleading deficient. ECF No. 12 at 9. His bare request for leave to further amend his complaint in response to Defendants' motion—with no indication of the particular grounds on which the amendment is sought—is insufficient to constitute a motion under Rule 15(a).[2]

Moreover, granting Plaintiff leave to amend to add a cause of action under 15 U.S.C. § 1692d would appear to be futile. "[T]he FDCPA's harassment provision doesn't recognize that a single unwanted message qualifies as a concrete harm. Instead, its closest analog to an unwanted letter—unwanted telephone calls—must be made 'repeatedly or continuously.' Its general prohibition on actions that 'harass, oppress, or abuse' a debtor carries the same connotation." *Id.* (quoting 15 U.S.C. §§ 1692d(5) and 1692d). JCAP's emails seeking to discuss and settle *Plaintiff*'s proposed FDCPA suit cannot plausibly be construed as attempts to collect a debt, let alone conduct that has the "natural consequence" of "harass[ing], oppress[ing], or abus[ing] [Plaintiff] in connection with the collection of a debt." 15 U.S.C. § 1692d.

### CONCLUSION

After careful consideration, the Court concludes that Plaintiff lacks standing to sue under the FDCPA's fraud provisions and, accordingly, his claims must be dismissed for lack of subject matter jurisdiction. Defendants' motion to dismiss (ECF No. 10) is thus **MOOT**.

---

[2] Rule 15(a) applies when a plaintiff has "expressly requested" leave to amend even though its request "was not contained in a properly captioned motion paper." *United States v. Humana Health Plan*, 336 F.3d 375, 387 (5th Cir. 2003). A formal motion is not always required, so long as the requesting party has set forth with particularity the grounds for the amendment and the relief sought. *Id.* (citing Fed. R. Civ. P. 7(b) and *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445–46 (9th Cir. 1990)). But "a bare request in an opposition to a motion to dismiss— without any indication of the particular grounds on which amendment is sought, *cf.* Fed. R. Civ. P. 7(b)—does not constitute a motion within the contemplation of Rule 15(a)." *Confederate Mem'l Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993); *see Douglas v. DePhillips*, 740 F. App'x 403, 406 (5th Cir. 2018) ("At the end of their opposition to the motion to dismiss, Appellants stated that they 'should be given an opportunity to amend . . . to further state any claims considered deficient' and 'to plead further' Richard's claims. These statements are insufficient to constitute a request for leave to amend under Rule 15(a).").

A final judgment will follow pursuant to Rule 58.

It is so **ORDERED**.

**SIGNED** this 10th day of July, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

6